### TERRE HAUTE & I. R. CO. v. MANSBERGER.

(Circuit Court of Appeals, Seventh Circuit. April 3, 1895.)

#### No. 178.

ACTIONS FOR PERSONAL INJURIES—REHEARING DENIED. **12 C. C. A. 574, 65 FED. 196, REAFFIRMED.**

This was an action by William Mansberger against the Terre Haute & Indianapolis Railroad Company to recover damages for personal injuries sustained while in its employment. The circuit court rendered judgment for the plaintiff upon the verdict of a jury in the sum of $7,000. Defendant brought error, and the judgment was heretofore affirmed. 12 C. C. A. 574, 65 Fed. 196. Defendant has now filed a petition for a rehearing.

On pages 59 and 60 of the record on appeal, certain proceedings which occurred in the trial court during the cross-examination of plaintiff are thus set out:

Q. Did you have at that time, or when you were employed upon the road, a copy of the time card, with a copy of the rules and regulations on the back? A. Yes, sir. Q. Had that with you, and had read all those rules? A. Yes, sir. Q. You know it was the duty of every man to read the rules? A. Yes, sir. Q. I wish you would look at this (exhibiting), and see whether that is a copy of the time card and rules? A. That is the one I got hurt on; yes, sir. Q. You recognize it? A. Yes, sir.

Mr. Craig: If the court please, we offer rules seventy-six and seventy-seven. Mr. Golden: If they offer the rules, we will offer them. The Court: They can be considered in evidence.

The rules mentioned were then read by Mr. Craig, as follows: "(76) Whenever a train or engine is run over any portion of the road without a conductor, the engineman will be regarded as both conductor and engineman,

and act accordingly. He will be required to make conductor's running reports, and return them to the proper officials. (77) When the conductor is disabled, the engineman will be accountable for the full charge of the train until an authorized person takes charge of it."

The plaintiff here closed the evidence on his part.

### On Behalf of Defendant.

Mr. Golden: I wish here, now, if the court please, to offer rule sixty-seven. Objection: I don't think it proves any issue in the case. Mr. Golden: Let the court look at it. The Court: I don't know in what light this case may be presented. Several different views. Depends on the views of counsel. I am inclined to think this ought to go. Objection not sustained.

Mr. Golden then read as follows: "(67) Should any portion of the train be uncoupled while running, the brakeman must stop the rear section as quick as possible, the engineman being careful to keep the forward section out of its way. The engineman and fireman must look back frequently to see that all is right, and, in case the train is broken apart, great care must be taken to keep the forward part out of the way of the detached part, and every precaution used to prevent a collision. The engineman must in all cases go back, under the protection of the flagman, after the detached portion. It must be absolutely sure it has stopped. Trains going up behind will wait indefinitely, unless otherwise ordered by the train dispatcher."

BAKER, District Judge. Notwithstanding the statement referred to by counsel for the plaintiff in error, found on page 60 of the record, it would seem from what is disclosed on page 59 of the record that all of the printed rules of the time card were in evidence before the jury. These rules had been exhibited to the defendant in error while testifying as a witness in his own behalf, and were identified by him. Thereupon, the attorney of the defendant in error offered two of them in evidence. Counsel for plaintiff in error then said, "If they offer the rules, we will offer them." The court said, "They can be considered in evidence." But, if we are mistaken in the conclusion that the record did not contain all the evidence, it was an immaterial error, because we examined the evidence with care, and reached the conclusion that it was sufficient to carry the question of negligence to the jury. We still adhere to that opinion. Hence, no error was committed in refusing to give a binding instruction.

The other questions presented in the petition of the plaintiff in error were considered and decided adversely to its contention. Having considered—and, as we still think, correctly decided—all the questions presented by the record, no good purpose would be subserved by a further discussion of them. Petition for a rehearing overruled.